JOURNAL ENTRY AND OPINION *Page 3 
{¶ 1} Defendant-appellant, Henry Brown, Jr., appeals his rape, kidnapping, and aggravated burglary convictions, arguing insufficiency of evidence. We affirm.
 {¶ 2} A multi-count indictment charged Brown with the following crimes: six counts of rape, each with a notice of prior conviction and a repeat violent offender specification; ten counts of kidnapping, each with a notice of prior conviction and repeat violent offender specification, and with five counts also containing sexual motivation specifications; disrupting public service; aggravated burglary; and felonious assault.
 {¶ 3} The felonious assault charge was dismissed by the court, and the specifications, with the exception of the sexual motivation specifications, were bifurcated from the underlying charges. The case proceeded to a jury trial. At the conclusion of the State's case, the defense made a Crim. R. 29 motion for acquittal as to all the charges, which the court denied. The defense rested without presenting evidence. The jury found Brown guilty of all the remaining charges and the five sexual motivation specifications. The court found Brown guilty on all the other specifications. Brown was sentenced to a 45-year term. *Page 4 
 {¶ 4} The trial testimony revealed the following facts. There were two female victims in this case, S.S. and C.Y.[1] The victims were friends, and S.S. had occasionally permitted C.Y. to live with her. At the time of the offenses, C.Y. was living with S.S., and Brown, C.Y.'s "on-again, off-again" boyfriend, had occasionally been spending the night with C.Y. at S.S.'s home. The record demonstrates that Brown and C.Y. had a tumultuous relationship that included many heated arguments.
 {¶ 5} Both victims testified that in the end of September 2006, C.Y. and Brown got into an argument at S.S.'s home, and S.S. attempted to intervene. They testified that Brown became violent and began physically and verbally abusing them. Eventually Brown taped[2] their hands, feet, and mouths, and sexually assaulted them. Specifically, C.Y. and S.S. both testified that Brown made S.S. perform oral sex on him, and that he vaginally raped C.Y. Brown removed whatever tape he needed to in order to perform the assaults, and then re-taped the victims when he was finished. The victims remained taped for several hours after the assaults. Brown untaped the victims when he went to *Page 5 
work and told them that he would kill them if they told anyone, and besides that, "no one would believe them anyway."
 {¶ 6} C.Y. testified to another incident with Brown involving just her that occurred sometime between October 14 through October 16, 2006. In particular, while at S.S.'s home, and while S.S. was away from the home, Brown and C.Y. had an argument that resulted in Brown again taping C.Y.'s mouth, hands and feet, and vaginally raping her. This rape occurred in the attic, where Brown and C.Y. remained overnight.
 {¶ 7} The following morning, Brown and C.Y. "snuck" downstairs, out the back door of the house, and re-entered through the front door, pretending, at Brown's insistence, that they were just coming "home," after having been out for the evening. Brown told C.Y. that if she told anyone what had really happened, he would kill her.
 {¶ 8} The final incident involved both victims and occurred on October 18. On that date, Brown was at S.S.'s house, and the victims observed that he was acting "weird," so they left the house and decided to call the police from a neighbor's house. The police arrived and escorted Brown from the house, after which the victims re-entered the house and secured the back door (in the kitchen) with bed rails. While C.Y. and S.S. were in the kitchen, appellant "broke" through the front door, came into the kitchen, and threw both victims on *Page 6 
the floor. Appellant moved the victims to an upstairs bedroom, taped them, and raped S.S. two times.
 {¶ 9} Appellant left the victims alone and taped after the assault. S.S., who was able to get herself untaped, jumped out of the bedroom window, and got help, calling the police from a neighbor's house.
 {¶ 10} In his sole assignment of error, Brown contends that the evidence was insufficient to support his rape, kidnapping, and burglary convictions.
 {¶ 11} "An appellate court's function when reviewing the sufficiency of the evidence to support a criminal conviction is to examine the evidence admitted at trial to determine whether such evidence, if believed, would convince the average mind of defendant's guilt beyond a reasonable doubt. The relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, 574 N.E.2d 492, paragraph two of the syllabus.
 {¶ 12} R.C. 2907.02(A)(2), governing rape, provides that "[n]o person shall engage in sexual conduct with another when the offender purposely compels the other person to submit by force or threat of force."
 {¶ 13} R.C. 2905.01(A)(2) and (A)(4), governing kidnapping, provide: *Page 7 
 {¶ 14} "(A) No person, by force, threat, or deception * * * shall remove another from the place where the other person is found or restrain the liberty of the other person, for any of the following purposes:
 {¶ 15} "* * *
 {¶ 16} "(2) To facilitate the commission of any felony or flight thereafter;
 {¶ 17} "* * *
 {¶ 18} "(4) To engage in sexual activity, as defined in section 2907.01 of the Revised Code, with the victim against the victim's will[.]"
 {¶ 19} Brown argues that the victims were not credible because they failed to report the prior incidents to the police, and because S.S. allowed him to continue to come and go from her house after the first incident. The weight to be given the evidence and the credibility of the witnesses are primarily for the trier of fact to determine, however.State v. DeHass (1967), 10 Ohio St.2d 230, 227 N.E.2d 212, paragraph one of the syllabus. Where there is substantial evidence upon which the trier of fact has based its verdict, a reviewing court abuses its discretion in substituting its judgment for that of the jury as to the weight and sufficiency of the evidence. State v. Nicely (1988),39 Ohio St.3d 147, 156, 529 N.E.2d 1236.
 {¶ 20} There was substantial evidence in this case to sustain the rape and kidnapping convictions and, therefore, we will not substitute the jury's verdict. *Page 8 
The testimony of other witnesses and the evidence in this case all corroborated the victims' testimonies. That testimony and evidence included: testimony from the nurse who treated C.Y.; testimony from the doctor who treated S.S.; testimony from the police officer who responded on October 18; photos of the crime scene and victims after the October 18 incident; the neighbor from whose house the phone calls were made on October 18; the two detectives who investigated the case and crime scene; and the forensic scientist who performed various tests on the rape kit administered to S.S. (finding Brown's DNA on the vaginal and rectal samples taken from the rape kit administered to S.S.).
 {¶ 21} The overwhelming evidence supports the rape and kidnapping convictions.
 {¶ 22} R.C. 2911.11(A)(1), governing aggravated burglary, provides:
 {¶ 23} "(A) No person, by force, stealth, or deception, shall trespass in an occupied structure or in a separately secured or separately occupied portion of an occupied structure, when another person other than an accomplice of the offender is present, with purpose to commit in the structure or in the separately secured or separately occupied portion of the structure any criminal offense, if any of the following apply:
 {¶ 24} "(1) The offender inflicts, or attempts or threatens to inflict physical harm on another[.]" *Page 9 
 {¶ 25} Brown argues that the State failed to prove that he trespassed on S.S.'s property on October 18. Although Brown may have been permitted on the property earlier in the evening, the testimony clearly established that S.S. (and C.Y.) no longer wanted him there. In fact, Brown was escorted off the property by the police after the victims called the police. Further, the victims had secured the back entrance in an attempt to prevent his return.
 {¶ 26} On this record, there was sufficient evidence that Brown trespassed, and therefore, sufficient evidence to support the aggravated burglary conviction.
 {¶ 27} Because there was sufficient evidence to support the rape, kidnapping, and aggravated burglary convictions, the sole assignment of error is overruled.
Judgment affirmed.
It is ordered that appellee recover from appellant costs herein taxed.
The court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the common pleas court to carry this judgment into execution. The defendant's conviction having been affirmed, any bail pending appeal is terminated. Case remanded to the trial court for execution of sentence *Page 10 
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
JAMES J. SWEENEY, A.J., and SEAN C. GALLAGHER, J., CONCUR.
[1] We refer to the victims by their initials in accordance with this court's policy of not naming victims of sex-related offenses.
[2] Brown worked at Weiss Movers, and pictures admitted into evidence show that the tape is the kind used to tape moving boxes. *Page 1